IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| **TERRY LEE BATTLE,** | : | |
| | : | |
| Petitioner, | : | |
| | : | |
| v. | : | No. 5:16-CV-00163 (MTT)(CHW) |
| | : | |
| **GLEN JOHNSON, Warden,** | : | Proceedings Under 28 U.S.C. § 2254 |
| | : | Before the U.S. Magistrate Judge |
| Respondent. | : | |
| | : | |

**Report and Recommendation**

Before the Court is Respondent's Motion to Dismiss (Doc. 13). Petitioner filed this current federal habeas petition, his second, alleging error in his 1979 Bibb County Superior Court conviction for burglary. Doc. 1. Also before the Court is Petitioner's Motion to Amend his Petition. Doc. 11. Due to this Court's lack of jurisdiction over Petitioner's second and successive habeas petition, the Court **RECOMMENDS** that Respondent's Motion to Dismiss be **GRANTED,** and that Petitioner's Motion to Amend his Petition be **DISMISSED.**

Petitioner was convicted of burglary in Bibb County Superior Court in 1979, and sentenced to up to six years under the "Youthful Offender Act." Doc. 17-1, pp. 125-232. After sentencing, Petitioner filed a Motion for a New Trial, alleging several errors by the superior court. *Id.* at 246-50. In June of 1980, Petitioner's attorney filed a Dismissal of the Motion for New Trial, and attached a handwritten letter from Petitioner that stated, "I do not wish to continue to appeal my conviction in this case, and authorize my attorney to

1

dismiss any matter for a new trial on appeal. . . ." *Id.* at 253. Petitioner and two witnesses signed Petitioner's hand written letter. *Id.* Petitioner's sentence in the burglary case fully expired on March 1, 1982. Doc. 14-2, p. 1.

In 1983, Petitioner was placed on probation for five years after being convicted for criminal damage to property in the second degree and theft by taking. Doc. 17-2, pp. 95-96. In November of 1984, Petitioner was indicted and charged with rape in Bibb County Superior Court. *Id.* at 72-87. Because of this conviction and his prior convictions, particularly his 1979 burglary conviction, Petitioner was "indicted as a Habitual Violator; and under the Habitual Violator Law. . .[Petitioner was] sentence[d] to life in the penitentiary." *Id.* at 79.

Petitioner filed his first habeas corpus petition in Tattnall County in December of 1988. Doc. 17-1, p. 28. Petitioner challenged his 1979 burglary conviction, claiming ineffective assistance of counsel, wrongful charge and indictment, denial of right to appeal, and an illegal sentence. *Id.* at 28-31. In September of 1989, the Tattnall County Superior Court denied Petitioner's habeas petition after the court held that Petitioner had authorized the dismissal of the Motion for a New Trial in his 1979 burglary conviction, and that his prior burglary conviction was not used illegally in his 1984 life sentence. *Id.* at 48-49. That November, the Supreme Court of Georgia denied Petitioner's application for probable cause as to the superior court's denial of habeas corpus. *Id.* at 50.

Petitioner filed his first federal habeas petition under 28 U.S.C. § 2254 in this district in December of 1989. Doc. 14-1, pp. 1 and 5. Petitioner's federal petition challenged his 1979 state burglary conviction for almost identical reasons as his superior

court habeas petition did, with the additional allegation that the Tattnall County Superior Court embezzled money in his 1989 habeas corpus hearing. *Id.* at 8-9. In September of 1990, this Court adopted the United States Magistrate Judge's recommendation to dismiss the petition due to lack of jurisdiction, because the sentence had "fully expired" on March 1, 1982, and Petitioner was no longer "in custody" as required under Section 2254. The Magistrate Judge further noted that Petitioner had already had an opportunity to file two federal habeas petitions challenging his rape conviction,[1] and reasoned that permitting Petitioner "to litigate the propriety of his 1984 rape conviction for a third time would certainly constitute an abuse of the writ under Rule 9(b) of the Rules Governing § 2254 Cases."[2] Doc. 14-2, p. 3. Petitioner appealed to the Eleventh Circuit, which affirmed the Court's dismissal of Petitioner's habeas petition on December 18, 1991. Doc. 14-5, pp. 1-3.

Twenty years later, Petitioner filed another state habeas petition in the Baldwin County Superior Court in March of 2012. Doc. 16-1, p. 2. Petitioner again challenged his 1979 burglary conviction on four grounds; (1) he was denied the right to sign a written waiver of new trial, (2) denied the right to a fair trial, (3) denied a transcript, and (4) denied effective assistance of counsel. *Id.* at 6-7. The court held that Petitioner's habeas petition was untimely and successive, and dismissed the petition in November 2012. Doc.

---

[1] This Court had previously upheld Petitioner's 1984 rape conviction and the life sentence imposed thereon in *Battle v. Willis*, Civil Action No. 87-194-2-MAC (WDO) (M.D.Ga. May 24, 1988) and *Battle v. Thomas*, Civil Action No. 89-332-2-MAC (WDO) (M.D.Ga. Nov. 17, 1989). See Doc. 14-2, p. 1 fn. 1.

[2] The "abuse of the writ" doctrine pre-dated AEDPA's statutory restriction on second or successive petitions. See *Panetti v. Quarterman*, 551 U.S. 930, 965 (2007). Prior to AEDPA, Rule 9(b) of the Rules Governing § 2254 Cases provided, "A second or successive petition may be dismissed [when] new and different grounds are alleged [if] the judge finds that the failure of the petitioner to assert those grounds in a prior petition constituted an abuse of the writ." *Id.*

16-3, p. 10. Petitioner appealed this determination to the Georgia Supreme Court, which dismissed the petition for writ of habeas corpus because Petitioner failed to file the application in a timely manner. Doc. 16-4, p. 1.

In May of 2016, Petitioner filed this current federal petition for writ of habeas corpus, alleging he has never been "afforded [his] right to a Motion for New Trial [on his 1979 burglary conviction] or direct appeal. . . ." Doc. 1, p. 5. Petitioner has also filed a Motion to Amend his Petition. Doc. 11. Respondent has answered Petitioner's petition and moves to dismiss the petition, arguing the petition should be dismissed for lack of jurisdiction, and for being untimely filed. Doc. 13-1.

## DISCUSSION

Because it is a successive petition, Petitioner's current habeas action must be dismissed for lack of jurisdiction under 28 U.S.C. § 2244(b). Doc. 13-1, p. 4. Section 2244(b) provides that before a second or successive application for petition may be examined by a district court, the petitioner must "move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A); *In re Bradford*, 830 F.3d 1273, 1277 (11th Cir. 2016). This statute is jurisdictional, meaning that a district court lacks jurisdiction to consider a second or successive habeas petition where the petitioner has failed to seek permission from the court of appeals first. *In re Bradford*, 830 F.3d at 1277; *see Burton v. Stewart*, 549 U.S. 147, 152–57 (2007) (per curiam) (district court lacks jurisdiction to consider a second or successive petition without authorization by the appropriate court of appeals as required

by § 2244(b)(3)); *Williams v. Warden, Fed. Bureau of Prisons*, 713 F.3d 1332, 1336 (11th Cir. 2013); *Farris v. United States*, 333 F.3d 1211, 1216 (11th Cir. 2003).

This Court lacks jurisdiction to consider the current petition because Petitioner did not first seek and obtain authorization from the Eleventh Circuit to file this second federal habeas petition. Petitioner filed his first federal habeas petition with this Court in 1989. Doc. 14-1, p. 1 and 5. The petition was dismissed by this Court for lack of jurisdiction, and the Eleventh Circuit affirmed the Court's dismissal. *Id.* at 8-9; Doc. 14-5, pp. 1-3. Petitioner has filed his current federal habeas petition with this Court, his second, without providing any evidence of authorization from the Eleventh Circuit. This Court, therefore, lacks jurisdiction to consider the current petition, and it is **RECOMMENDED** Respondent's Motion to Dismiss be **GRANTED**. *See Williams*, 713 F.3d at 1336.

The current petition is also subject to dismissal because it is untimely under the one-year "grace period" limitation of § 2244(d)(1)(A). Doc. 13-1, p. 6. Petitioner argues the period is not applicable because his 1979 burglary conviction has not been finalized and is "still pending today." Doc. 18, p. 6.

There is a one year period of limitation for seeking a writ of habeas corpus upon the final judgment of a state court. § 2244(d)(1). The limitation period runs for one year from the latest of several dates, including, "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." § 2244(d)(1)(A). Judgments that were final before the enactment of the AEDPA were allowed a one year "grace period" from the AEDPA's enactment date, April 24, 1996, to file their federal habeas petitions. *Wood v. Milyard*, 132 S. Ct. 1826, 1831 (2012); *Wilcox*

*v. Florida Department of Corrections,* 158 F.3d 1209, 1211 (11th Cir. 1998); *Smith v. Thomas*, No. 3:12-CV-348-WHA, 2015 WL 2233121, at *2 (M.D. Ala. May 12, 2015).

Petitioner's current federal habeas petition is untimely under Section 2244(d)(1)(A). Petitioner was convicted of burglary in the Bibb County Superior Court in 1979. Doc. 17-1, pp. 125-232. Petitioner then filed a timely Motion for New Trial. *Id.* at 246-47. Petitioner's attorney, in June of 1980, filed a dismissal of Petitioner's Motion for New Trial, and Petitioner attached a hand written authorization for that dismissal. *Id.* at 253. Petitioner did not file a direct appeal of the conviction. Because of Petitioner's authorized dismissal of his Motion for a New Trial, Petitioner's burglary conviction became final in July of 1980, at the latest.

Petitioner's conviction was made final before the on April 24 1996, enactment of the AEDPA. Petitioner, under § 2244(d)(1)(A), had one year from April 24, 1996, to file his federal petition. *See Wood*, 132 S. Ct. at 1831. As noted above, Petitioner's current petition was filed in 2016, outside of the one-year "grace period" under § 2244(b)(1)(A). Doc. 1, p. 5. Thus, the current petition is untimely.

## CONCLUSION

The record does not indicate that Petitioner has received prior authorization to file a second or successive § 2254 petition from the Eleventh Circuit, therefore, the proper remedy is to dismiss the motion as successive and for lack of jurisdiction. *U.S. v. Terrell*, 141 F. App'x. 849, 851 (11th Cir. 2005); *U.S. v. Gregory*, 546 F. App'x. 933, 936 (11th Cir. 2013). Accordingly, it is **RECOMMENDED** that Respondent's Motion to Dismiss (Doc. 13) be **GRANTED**, and that Petitioner's untimely federal habeas corpus petition

(Doc. 1) be **DISMISSED**. Additionally, because the Court lacks jurisdiction, it is **RECOMMENDED** Petitioner's Motion to Amend his Petition (Doc. 11) be **DISMISSED.** *See Terrell,* 141 F. App'x at 852 (holding where the court lacks jurisdiction because of petitioner's second or successive petitions, the claims raised in the motion should be dismissed). Pursuant to 28 U.S.C. 636(b)(1), the parties may serve and file written objections to this **RECOMMENDATION** with the District Judge to whom this case is assigned **WITHIN FOURTEEN (14) DAYS** after being served with a copy thereof.

The parties are further notified that, pursuant to Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice."

**SO RECOMMENDED**, this 1st day of November, 2016.

s/ Charles H. Weigle  
Charles H. Weigle  
United States Magistrate Judge