IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| TERRY LEE BATTLE, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) CIVIL ACTION NO. 5:16-CV-163 (MTT) |
| | ) |
| GLEN JOHNSON, Warden, | ) Habeas Corpus |
| | ) 28 U.S.C. § 2254 |
| | ) |
| Respondent. | ) |
| | ) |

## ORDER

Before the Court is Magistrate Judge Charles H. Weigle's Recommendation (Doc. 21) to grant Respondent's Motion to Dismiss (Doc. 13) Petitioner's federal habeas petition for lack of jurisdiction under 28 U.S.C. § 2244(b). Additionally, the Magistrate Judge recommends denying Petitioner's Motion to Amend (Doc. 11). *Id.* Petitioner objected to the Recommendation. Doc. 23. Pursuant to 28 U.S.C. § 636(b)(1), the Court has reviewed the Recommendation, considered Petitioner's objection, and has made a de novo determination of the portions of the Recommendation to which Petitioner objects. The Court **adopts** the findings, conclusions, and recommendations of the Magistrate Judge. Further, Petitioner's Motion to Proceed IFP is **GRANTED**.[1]

---

[1] Although Petitioner's Motion to Proceed IFP was not explicitly granted by the Magistrate Judge, the proceedings show the motion was treated as granted—the record shows Petitioner was not required to pre-pay a filing fee and Respondent was ordered twice to respond to the complaint. Docs. 7; 9. Nonetheless, the Court makes it clear that Petitioner's Motion to Proceed IFP is granted.

To file a second or successive 28 U.S.C. § 2254 petition for writ of habeas corpus, a petitioner must "move in the appropriate court of appeals for an order authorizing the district court to consider" the petition. 28 U.S.C. § 2244(b)(3)(A). Without authorization to consider the second or successive petition, the district court lacks jurisdiction. *In re Bradford*, 830 F.3d 1273, 1277 (11th Cir. 2016); *see Burton v. Stewart*, 549 U.S. 147, 152-157 (2007); *Williams v. Warden, Fed. Bureau of Prisons*, 713 F.3d 1332, 1336 (11th Cir. 2013). Here, Petitioner has failed to obtain authorization from the Eleventh Circuit prior to filing his second federal habeas petition.

In 1989, Petitioner filed his first federal habeas petition challenging his 1979 burglary conviction. Doc. 14-1 at 1, 5. At that time, the sentence for that conviction had already expired. Doc. 14-2 at 2-3. This Court adopted a Recommendation dismissing the petition for not meeting the "in custody" requirement of 2254(b). Docs. 14-2 at 2-3 (citing *Maleng v. Cook*, 490 U.S. 488, 492 (1989) (holding the use of a prior conviction to enhance a sentence for a later conviction does not mean the petitioner is "in custody" for the prior conviction after the sentence has expired)); 14-3. The Eleventh Circuit affirmed the dismissal of Petitioner's federal habeas petition on December 18, 1991. Doc. 14-5 at 2-3. Petitioner now files his second federal habeas petition challenging that conviction. Doc. 1. Petitioner has not obtained authorization from the Eleventh Circuit to file this successive petition, and, therefore, this court lacks jurisdiction to consider his petition and the petition must be dismissed. *See Terrell,* 141 F. App'x at 852 (holding where the court lacks jurisdiction because of petitioner's second or successive petitions, the claims raised in the motion should be dismissed). The Court must also deny as moot Petitioner's Motion to Amend.

Petitioner's Motion to Proceed IFP is **GRANTED**.  Respondent's Motion to Dismiss is **GRANTED** and Petitioner's federal habeas petition is **DISMISSED** for lack of jurisdiction.   Petitioner's Motion to Amend is **DENIED** as moot.  It is therefore **ORDERED** that the petition be **DISMISSED** without prejudice to the Petitioner's rights to file a motion in the Eleventh Circuit for leave to file a second or successive habeas petition under 28 U.S.C. § 2244(b)(3).  The Clerk of Court is **DIRECTED** to furnish Petitioner with the application form required by the Eleventh Circuit for leave to file a second or successive habeas petition.

## CERTIFICATE OF APPEALABILITY

The Court can issue a Certificate of Appealability ("COA") only if a petitioner "has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  To merit a COA, the Court must determine "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further."  *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (internal quotation marks omitted) (citations omitted).  For a procedural ruling, the petitioner must show "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right, and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling."  *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).  Under this standard, the COA is **DENIED**.[2]

---

[2] A COA determination likely is unnecessary.  *Hubbard v. Campbell*, 379 F.3d 1245, 1246-47 (11th Cir. 2004).  Nevertheless, the Court addresses the issue.

**SO ORDERED**, this 26th day of January, 2017.

<u>S/ Marc T. Treadwell</u>
MARC T. TREADWELL, JUDGE
UNITED STATES DISTRICT COURT